# FBI Authority to Investigate Violations of Subtitle E of Title 26 or 18 U.S.C. §§ 921–930

The Federal Bureau of Investigation has authority to participate in investigations of violations of Subtitle E of Title 26 and 18 U.S.C. §§ 921–930 but may not supplant the primacy of the Department of the Treasury over investigations of such violations, unless the FBI has reason to believe that the investigation concerns a crime of terrorism over which a statute or Presidential Decision Directive 39 has given the FBI primary responsibility.

June 21, 1996

MEMORANDUM OPINION FOR THE
ACTING ASSISTANT ATTORNEY GENERAL
CRIMINAL DIVISION

The Criminal Division has asked us whether the Federal Bureau of Investigation ("FBI") has authority to participate in investigations of weapons and explosives offenses under 26 U.S.C. §§ 5001–5881 (subtitle E) and 18 U.S.C. §§ 921–930. *See* Memorandum for Merrick B. Garland, Principal Associate Deputy Attorney General, from John C. Keeney, Acting Assistant Attorney General, Criminal Division, *Re: FBI Involvement in Domestic Terrorism Matters and the Resulting Execution of High Risk Process* at 4–5 (May 13, 1996).[1] To date, such investigations have been conducted exclusively by the Department of the Treasury, specifically by the Bureau of Alcohol, Tobacco and Firearms. The FBI is concerned that its lack of participation in these investigations has prevented it from fully performing its role as the lead federal agency for the investigation of terrorism. *Cf.* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104–132, § 702(a), 110 Stat. 1214, 1291 ("AEDPA") ("[T]he Attorney General shall have primary investigative responsibility for all Federal crimes of terrorism."); Presidential Decision Directive 39 (June 21, 1995) ("PDD 39"). We conclude that the FBI has authority to participate in investigations of the above listed offenses, but that the primary responsibility for investigating violations of the above sections of titles 18 and 26 rests with the Department of the Treasury. Where, however, the FBI has a reasonable expectation that an investigation involves a crime of terrorism over which a statute or PDD 39 has granted primary responsibility to

---

[1] The Criminal Division has recently asked that we also determine whether the FBI's authority extends to investigations of the following offenses: 18 U.S.C. §§ 876, 877; 18 U.S.C. § 1715; 18 U.S.C. § 1716; 18 U.S.C. §§ 1956, 1957; 18 U.S.C. § 2114; 22 U.S.C. § 2712(f); 22 U.S.C. § 2778(c); 31 U.S.C. §§ 5322, 5324; 42 U.S.C. § 2283; 47 U.S.C. § 606; and 50 U.S.C. § 1705. We have not yet found any indication that Congress has displaced the FBI's general investigative jurisdiction with respect to these offenses. Our research into the legislative history, however, is not yet complete. Consequently, we cannot offer a final determination with respect to these offenses. Moreover, we express no opinion as to investigative jurisdiction over violations of federal law other than those listed above or in the text of this memorandum.

the FBI, the FBI's lead role may be extended to cover crimes as to which lead responsibility would otherwise reside elsewhere.

Under 28 U.S.C. § 533, "[t]he Attorney General may appoint officials . . . to detect and prosecute crimes against the United States." This statute confers on the Attorney General broad general investigative authority with respect to federal criminal offenses. *See United States v. Marzani*, 71 F. Supp. 615, 617 (D.D.C. 1947), *aff'd*, 168 F.2d 133 (D.C. Cir.), *aff'd per curiam by an equally divided court*, 335 U.S. 895 (1948).[2] We have frequently repeated that "this provision authorizes the Department of Justice to investigate all federal criminal violations, unless a particular statute specifically assigns exclusive investigative responsibility to another agency." *Department of Labor Jurisdiction to Investigate Certain Criminal Matters*, 10 Op. O.L.C. 130, 132 (1986). The Attorney General has delegated her investigative authority to the FBI. *See* 28 C.F.R. § 0.85 (1995). Therefore, the FBI has authority to investigate violations of 18 U.S.C. §§ 921–930 and 26 U.S.C. §§ 5001–5881, unless Congress has specifically vested exclusive investigative authority in another agency.

Congress has provided that "[e]xcept as otherwise expressly provided by law, the administration and enforcement of . . . title [26] shall be performed by or under the supervision of the Secretary of the Treasury." 26 U.S.C. § 7801(a).[3] With respect to subtitle E, the Secretary of the Treasury has specific authority to conduct investigations, *see id.* § 5557(a), and to authorize investigators and agents to make arrests, execute warrants, and carry firearms. *See id.* § 7608(a). With respect to 18 U.S.C. §§ 921–930, administration and enforcement is vested in the Secretary of the Treasury. *See* Gun Control Act of 1968, Pub. L. No. 90–618, § 103, 82 Stat. 1213, 1226; Omnibus Crime Control and Safe Streets Act of 1968, Pub. L. No. 90–351, § 903, 82 Stat. 197, 234. It is plain that these provisions specifically vest investigative authority in the Secretary of the Treasury. The Justice Department has long taken the position that, while title 26 vests the Secretary of the Treasury with primary authority over investigations of violations of subtitle E of title 26, it does not vest the Secretary with exclusive investigative jurisdiction. *See* Katzenbach Memorandum.[4] We have concluded that "[t]he exist-

---

[2] We have held that this authority extends to investigations of violations of state criminal law where there is a reasonable expectation that such an investigation will lead to the detection or prevention of a violation of federal law, including even such derivative federal laws as the Fugitive Felons Act, 18 U.S.C. § 1073. *Authority of FBI Agents, Serving as Special Deputy United States Marshals, to Pursue Non-Federal Fugitives,* 19 Op. O.L.C. 33 (1995).

[3] Nothing in the above-quoted language "shall be considered to affect the duties, powers, or functions imposed upon, or vested in, the Department of Justice, or any officer thereof, by law existing on May 10, 1934." *Id.* § 7801(c). Then-Assistant Attorney General Katzenbach opined that this was meant only to reserve the Justice Department's prosecutorial jurisdiction and not the Department's investigative jurisdiction. *See* Memorandum for Herbert J. Miller, Assistant Attorney General, Criminal Division, from Nicholas deB. Katzenbach, Assistant Attorney General, Office of Legal Counsel, *Re: Authority of the Federal Bureau of Investigation to Investigate Offenses in Violation of the Wagering Tax Provisions of the Internal Revenue Code* at 7 (Oct. 25, 1961) ("Katzenbach Memorandum"). We do not find it necessary to revisit that conclusion here.

[4] Although the Katzenbach Memorandum does not address the Secretary of the Treasury's jurisdiction under title 18, the language of title 18 is not as expansive as the language of title 26. If the Secretary's jurisdiction under

Continued

ence of authority to investigate specified types of crimes in other agencies does not divest the FBI of its 'broad, general investigative powers.' '' Memorandum for the Attorney General, from J. Lee Rankin, Assistant Attorney General, Office of Legal Counsel, *Re: Jurisdiction to Investigate Offenses by Military Personnel* at 2 (Oct. 19, 1954) (concluding that the FBI has authority concurrent with that of the military police of the various branches of the military to investigate federal criminal violations by military personnel) (quoting *Marzani*, 71 F. Supp. at 617) (''Rankin Memorandum''). The Katzenbach Memorandum examined the various authorities of title 26 set forth above and concluded that these provisions did not supplant the Attorney General's authority under 28 U.S.C. § 533, although these provisions accord primacy to the Secretary of the Treasury. We recognize that the Katzenbach Memorandum reviewed enforcement of the wagering tax laws, but the opinion notes that these laws do not ''stand on a different footing'' from the provisions of subtitle E. Katzenbach Memorandum at 4.

We have independently reviewed the relevant provisions of titles 26 and 18 and find nothing in the language or structure of those titles that expresses an intention to vest exclusive investigative jurisdiction in the Secretary of the Treasury or to supplant the Attorney General's general investigative authority. Moreover, we have reviewed the legislative history of these provisions and have found no indication of an intent that the Secretary of the Treasury exercise exclusive jurisdiction or that the Attorney General be divested of investigative authority. Instead, we believe that the statutes grant the Attorney General and the Secretary of the Treasury overlapping authority to investigate violations of subtitle E of title 26 and of 18 U.S.C. §§ 921–930, with investigative primacy vested in the Secretary.

We agree with the Katzenbach Memorandum that title 26 generally grants ''primary responsibility to investigate violations of [subtitle E]'' to the Secretary of the Treasury. *See* Katzenbach Memorandum at 2. Respect for this statutory scheme, as well as avoidance of duplicative effort and promotion of efficiency, dictate that the FBI should not exercise the general investigative authority of 28 U.S.C § 533 unless it has ''a strong reason'' for doing so. *See* Katzenbach Memorandum at 1; Rankin Memorandum at 2. We believe that effective investigation of anti-terrorism laws is ''a strong reason'' and supports the exercise of some level of investigative jurisdiction by the FBI, depending on the circumstances of the particular investigation. This position is further buttressed by PDD 39 and the recently enacted anti-terrorism statute, AEDPA, § 702(a), 110 Stat. at 1291. We do not believe, however, that the FBI may use its concurrent, general investigative power to supplant the statutory primacy of the Secretary of the Treasury over investigations of violations of subtitle E of title 26, where the FBI does

---

title 26 does not supplant the Attorney General's general investigative authority under 28 U.S.C. § 533, therefore, it follows a fortiori that the Secretary's title 18 jurisdiction does not supplant the Attorney General's general investigative authority.

not have a reasonable expectation that the investigation will lead to the detection or prevention of a crime of terrorism over which a statute or PDD 39 has granted primary responsibility to the FBI.

RICHARD L. SHIFFRIN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*